IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CAROLYN RUTSTEIN & BEVERLY RUTTENBERG, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1:21-cv-4917 |
| v. | ) ) | JURY TRIAL DEMANDED |
| CITIBANK, N.A., | ) ) | |
| Defendant. | ) | |

### COMPLAINT

NOW COME the Plaintiffs, CAROLYN RUTSTEIN and BEVERLY RUTTENBERG, by and through their attorneys, SMITHMARCO, P.C., and for their complaint against the Defendant, CITIBANK, N.A., Plaintiffs states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for all damages allowable under the Electronic Funds Transfer Act, 15 U.S.C. §1693, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the EFTA, 15 U.S.C. §1693m.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. CAROLYN RUTSTEIN is an individual who was at all relevant times residing in the City of Glencoe, County of Cook, State of Illinois.

5. BEVERLY RUTTENBERG is an individual who was at all relevant times residing in the City of Glenview, County of Cook, State of Illinois.

1

6. At all relevant times, CAROLYN RUTSTEIN and BEVERLY RUTTENBERG [hereinafter "Plaintiffs" were "consumers" as that term is defined by 15 U.S.C. §1693a(6).

7. At all relevant times, Plaintiffs had an asset account in their names with Defendant (hereinafter, "Plaintiff's Citibank Account").

8. At all relevant times, Plaintiffs' Citibank Account was established to hold funds used primarily for Plaintiff's personal use and/or household expenditures.

9. At all relevant times, Plaintiffs' Citibank Account was an "account" as that term is defined by 15 U.S.C. §1693a(2).

10. CITIBANK, N.A., (hereinafter, "Defendant") is a business entity that conducts business within the State of Illinois.

11. At all relevant times, Defendant was a bank that held Plaintiffs' Citibank Account.

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

13. At all relevant times, Defendant was a "financial institution" as that term is defined by 15 U.S.C. §1693a(8).

14. At all relevant times the electronic transfer of funds from Plaintiffs' Citibank Account to an outside third party constitute an "electronic fund transfer" as that term is defined by 15 U.S.C. §1693a(7).

## IV. ALLEGATIONS

15. On or about February 25, 2021, $8,500.00 was debited from Plaintiffs' Citibank Account.

16. On or about February 25, 2021, $8,500.00 was debited from Plaintiffs' Citibank Account via Citibank Global Transfer to a third party named Esnayder Gonzalez.

17. Plaintiffs did not provide any person with consent to debit funds from Plaintiffs' Citibank Account on February 25, 2021.

18. Plaintiffs did not provide Defendant with consent for any third party to debit funds from Plaintiffs' Citibank Account on February 25, 2021.

19. Prior to February 25, 2021, Plaintiffs were not aware that $8,500 was to be debited from Plaintiffs' Citibank Account by any person or entity.

20. On February 28, 2021 , Defendant provided to Plaintiffs a monthly statement relative to Plaintiffs' Citibank Account.

21. The statement Defendant provided to Plaintiffs, on February 28, 2021, contained information regarding the electronic transfer of funds from Plaintiffs' Citibank Account through Citibank Global Transfer, to Esnayder Gonzalez on February 25, 2021.

22. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice that they disputed the debit of funds by Esnayder Gonzalez relative to Plaintiffs' Citibank Account on February 25, 2021.

23. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiff provided Defendant with information to allow Defendant to identity Plaintiffs' Citibank Account, such as:

    a. Plaintiffs' Citibank Account number;

    b. Plaintiffs' personal identifying information;

    c. The name under which Plaintiffs' Citibank Account was registered;

    d. The date of the transaction which Plaintiff disputed relative to Plaintiffs' Citibank Account;

  e. The amount of the transaction which Plaintiff disputed relative to Plaintiffs' Citibank Account; and,

  f. The transaction reference number relative to the transaction Plaintiff disputed with respect to Plaintiffs' Citibank Account.

24. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiff provided Defendant with oral notice that he believed an error was contained on the aforesaid monthly account relative to the debit of funds by Esnayder Gonzalez relative to Plaintiffs' Citibank Account on February 25, 2021.

25. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice that they believed the debit of funds by Esnayder Gonzalez relative to Plaintiffs' Citibank Account on February 25, 2021 was an unauthorized electronic transfer of funds from Plaintiffs' Citibank Account.

26. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice that they believed the debit of funds by Esnayder Gonzalez relative to Plaintiffs' Citibank Account on February 25, 2021 was a fraudulent electronic transfer of funds from Plaintiffs' Citibank Account and that Plaintiffs did not know who that person is.

27. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs informed Defendant that they did not provide Esnayder Gonzalez with consent to debit funds from Plaintiffs' Citibank Account on February 25, 2021.

28. Within sixty (60) days of Plaintiffs' receipt of the aforesaid monthly statement, Plaintiffs provided Defendant with oral notice of the circumstances as to why Plaintiff believed the debit of funds by Esnayder Gonzalez on February 25, 2021, was carried out in error, such as:

    a. Plaintiffs never authorized the debit of funds from Plaintiffs' Citibank Account;

    b. Plaintiffs never provided that person with permission, consent or authority to debit funds from Plaintiffs' Citibank Account;

    c. Plaintiffs did not know who that person was and would never have transferred their savings to a stranger.

29. To date, Defendant has not conducted a sufficient investigation relative to the error complained of by Plaintiff.

30. Defendant did not make a good faith investigation into Plaintiffs' alleged error.

31. Defendant did not have a reasonable basis for believing that Plaintiffs' account was not in error.

32. Defendant knowingly and willfully concluded that Plaintiffs' account was not in error when such a conclusion could not have reasonably been drawn from the evidence available to Defendant at the institution of Defendant's investigation.

33. To date, Defendant has not sufficiently reported the result of any putative investigation it conducted relative to the error complained of by Plaintiffs.

34. Alternatively, to date, Defendant has not issued Plaintiffs a credit for the funds debited by CLC Collections from Plaintiffs' Citibank Account.

35. Presently, Plaintiffs remain without the $8,500.00 debited by Esnayder Gonzalez from Plaintiffs' Citibank Account.

36. Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(a).

37. Alternatively, Defendant's conduct, as delineated above, was in violation of 15 U.S.C. §1693f(c).

38. As a result of Defendant's violations as aforesaid, Plaintiffs have suffered, and continues to suffer mental anguish and emotional distress and out-of-pocket damages.

WHEREFORE, Plaintiffs, CAROLYN RUTSTEIN and BEVERLY RUTTENBERG, by and through their attorneys, respectfully pray for Judgment to be entered in favor of Plaintiffs and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages allowable under 15 U.S.C. §1693m(a)(2)(A) and 15 U.S.C. §1693f(e);

    c.    Plaintiffs' attorneys' fees and costs; and,

    d.    Any other relief deemed appropriate by this Honorable Court.

## V. JURY DEMAND

39.    Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,
**CAROLYN RUTSTEIN and BEVERLY RUTTENBERG**

By:    s/ David M. Marco
        Attorney for Plaintiff

Dated: September 16, 2021

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:    (312) 546-6539
Facsimile:    (888) 418-1277
E-Mail:    dmarco@smithmarco.com